UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**RONNIE COLE,**

                                  **Plaintiff,**

                  -v-                              9:10-CV-1098 (NAM/TWD)

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES ("DOCS"); BRIAN FISCHER, DOCS Commissioner; ANN RABIDEAU, First Deputy Superintendent for Health, Mohawk Correctional Facility; STEPHEN MCCARTHY, Deputy Superintendent of Security, Mohawk Correctional Facility; JACK MCDANIEL, Deputy Superintendent of Programs, Mohawk Correctional Facility; ALBERT PRACK, Acting Director, DOCS Special Housing/Inmate Discipline; JEFFREY ST. LOUIS, Captain, Mohawk Correctional Facility; S. PURDY, Correction Officer, Mohawk Correctional Facility; JUDY PALMER, Inmate Records Clerk, Mohawk Correctional Facility; TONY SZAJER, Sgt., Mohawk Correctional Facility; D. ASHE, Inmate Grievance Coordinator, Mohawk Correctional Facility; DEBORAH KINDERMAN, Supervising Correction Counselor, Mohawk Correctional Facility; A. PAPALEO, Correction Counselor, Mohawk Correctional Facility; EDWARD DAUPHIN, Captain, Mohawk Correctional Facility; R. JUDWAY, Lieutenant, Mohawk Correctional Facility; M.J. CAPPADONIA, Lieutenant, Mohawk Correctional Facility,**

                                  **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Ronnie Cole
91-A-9212
Mohawk Correctional Facility
P.O. Box 8451
Rome, New York 13440
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Kevin P. Hickey, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

In this *pro se* inmate civil rights action under 42 U.S.C. § 1983, defendants move (Dkt. No. 62) for an order dismissing all causes of action in the amended complaint, except the excessive force claims, or for an order directing plaintiff to file a more definite statement. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Thérèse Wiley Dancks has issued a Report-Recommendation and Order (Dkt. No. 71) recommending that defendants' motion be granted in part and denied in part. Magistrate Judge Dancks ordered that defendants' request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) be denied.

Plaintiff objects (Dkt. No. 73) to only one aspect of the Report-Recommendation and Order, *i.e.*, the recommendation that this Court dismiss plaintiff's pendent state-law personal-capacity claims against employees of the Department of Corrections and Community Services ("DOCCS"). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. The Court has reviewed Magistrate Judge Dancks' analysis of the legal issue involved as well as plaintiff's objection. The Court agrees with Magistrate Judge Dancks' conclusion that the Supreme Court's decision in *Haywood v. Drown*, 556 U.S. 729 (2009), does not affect the question of district courts' jurisdiction to hear pendent state law claims against DOCCS employees, and that therefore such claims are properly dismissed as barred by section 24 of New York Correction Law. *See, e.g., O'Diah v. Fischer*, 2012 WL 987726, *21 (N.D.N.Y. Feb. 28, 2012); *Tafari v. McCarthy*, 714 F.Supp.2d 317, 384 (N.D.N.Y. 2010). Therefore, upon *de novo* review of the issue to which plaintiff objects, and review of the balance of the Report-Recommendation and Order for plain error or manifest injustice, the Court adopts the Report-Recommendation and Order in its

entirety.

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 71) is accepted; and it is further

ORDERED that defendants' motion (Dkt. No. 62) for partial dismissal for failure to state a claim is granted in part and denied in part as follows:

Partial dismissal is granted as follows:

1. Dismissal is granted by Plaintiff's consent as to all claims against Defendants DOCS, Brian Fischer, Jack McDaniel, Albert Prack, Jeffrey St. Louis, Edward Dauphin, R. Judway, M.J. Cappadonia, R.J. Miller, S. Purdy, C. Cucharale, H. Smith, T. Meachum, J. Mecca, D. Ashe, Debora Kinderman, A. Papaleo, Judy Palmer, C. Vail, Ted Vauss, Mary Shrimp, and Renna Piecce, without leave to amend;
2. Dismissal is granted on abandonment grounds of all claims arising out of or related to the July 2, 2010 Tier III inmate misbehavior report against Plaintiff and the hearing held in connection with the report, without leave to amend;
3. Dismissal is granted on abandonment grounds of all claims arising out of Defendant Rabideau's alleged failure to review the denials of Plaintiff's SHU confinement reviews in a fair manner, and Rabideau and Defendant McCarthy's denial of his requests for restoration of his visiting privileges, without leave to amend;
4. Sua sponte dismissal is granted on Eleventh Amendment grounds of all claims seeking money damages that have been asserted against the Defendants in their official capacities, without leave to amend;
5. Dismissal is granted of plaintiff's First Amendment retaliation claim against defendant Griffith, with leave to amend;
6. Dismissal is granted of Plaintiff's Eighth Amendment claim for deliberate indifference to his medical needs against Defendant Russin, without leave to amend;
7. Dismissal is granted of Plaintiff's Eighth Amendment claim for deliberate indifference to his safety and failure to intervene against Defendant Paluck, with leave to amend;
8. Dismissal is granted of Plaintiff's state law claims for assault and battery and negligence, without leave to amend; and
9. Dismissal is granted of Plaintiff's § 1983 conspiracy claim against Defendants Griffith, Szajer, Russin, Reese, and Paluck, with leave to amend.

Partial dismissal is denied as follows:

1. Dismissal is denied of plaintiff's first amendment claim for retaliation against defendants Durante, Szajer, and Lawrence;
2. Dismissal is denied of plaintiff's Eighth Amendment claim against defendant Reese for deliberate indifference to plaintiff's safety and failure to intervene; and
3. Dismissal is denied of plaintiff's claims against defendants Rabideau and McCarthy for their alleged failure to remedy the alleged violation of plaintiff's rights under the First and Eighth Amendments after learning of those violations through plaintiff's letters of complaint;

and it is further

ORDERED that defendants are directed to answer those allegations in plaintiff's amended complaint that relate to the claims on which dismissal is denied as well as his claims for excessive force (against Durante, Szajer, Griffith, and Lawrence) that were excepted by defendants from their motion to dismiss; and it is further

ORDERED that the following defendants remain in the case: Durante, Szajer, Lawrence, Reese, Rabideau, McCarthy, and Griffith; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

September 28, 2012  
Syracuse, New York

_____  
Honorable Norman A. Mordue  
U.S. District Judge